■ In the Matter of the Claim of MOLLIE MILLER on Behalf of Herself and Her Daughter, Respondent, v. FORDHAM GLASS WORKS, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— An employer and its carrier appeal from a decsion of the Workmen's Compensation Board discharging the Special Disability Fund from liability for a portion of an award of death benefits upon a finding that "the employer did not have knowledge of a pre-existing permanent physical impairment within the meaning of Section 15, subdivision 8." On the afternoon of January 8, 1962 deceased, aged 49 years, during the preceding 27 of which he had been employed as a glass cutter in the plant of appellant corporation, suddenly collapsed and died of an accidentally caused heart attack while engaged in the installation of a heavy

mirror which he and a coemployee had carried five flights of stairs to the apartment of one of its customers. Some 10 years earlier decedent had suffered an attack of angina pectoris which confined him to his bed for about two weeks; periodically thereafter he was examined by a physician who prescribed a vasodilator in the nature of nitroglycerin and advised decedent to refrain from heavy lifting and to slow down his work activities. In the decade following the anginal attack deceased except by reason of an occasional cold lost no time from his work which was conceded by the employer to have been strenuous and throughout the years to have been ably performed. There is no proof that the employer was aware of the nature of the earlier illness. Although its president later observed that decedent experienced frequent shortnesses of breath, a tendency toward weariness requiring respites from his work and noted his use of medication in tablet form, he made no inquiry as to the cause of these incidents and was not told by decedent of his pre-existing heart condition. He further testified that he "put two and two together in [his] mind, sometimes thinking that maybe he had a heart condition" and when asked whether he had formed an opinion as to permanency stated his belief that it was not a " thing that would go away, because it seemed to work on him more and more " and assigned the worsening condition as the reason for aiding deceased in the performance of his work activities. The physical defect upon which appellants rely was not obvious to the unprofessional eye. Not only did the condition not require decedent's assignment to lighter work but to the contrary he assumed about six months before his death the added arduous job of installing large mirrors in the homes of customers of the employer. On the whole record the board was not bound to find that the employer had made an informed judgment that deceased was suffering from a permanent physical impairment which was or was likely to be a hinderance to continued employment but could have found, as it did, the fact to be the other way which would warrant its conclusion that the appellant carrier's claim for reimbursement for death benefits payable in excess of 104 weeks did not fall within the provisions of subdivision 8 of section 15 of the Workmen's Compensation Law. (*Matter of Zyla* v. *Juilliard & Co.,* 277 App. Div. 604; *Matter of Handaly* v. *Blayer & Co.,* 286 App. Div. 1050, mot. for lv. to app. den. 1 N Y 2d 641; *Matter of Lawler* v. *Ritz Carlton Hotel,* 14 A D 2d 972; *Matter of Tucci* v. *Carey & Co.,* 15 A D 2d 683, amdg. 15 A D 2d 622.) Decision affirmed, with costs to respondent Special Funds Conservation Committee. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.